JS 44  (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.    *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

ASHLEY REYES

**DEFENDANTS**

FE304, LLC d/b/a WATCH TOWERS PROPERTY a/k/a WATCHTOWER PROPERTY CO.

**(b)** County of Residence of First Listed Plaintiff    PHILADELPHIA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    PHILADELPHIA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Brian C. Farrell, Esq. The Gold Law Firm, P.C.
1835 Market St., Ste. 515, Phila, PA 19103 215-569-1999

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| | | | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** ☐ 370 Other Fraud | **LABOR** | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☒ 230 Rent Lease & Ejectment | ☒ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | **IMMIGRATION** ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII, the PWFA, and 42 U.S.C. §1981

Brief description of cause:
Employment  Discrimination matter

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ 150,000 IN EXCESS

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| May 7, 2026 | /S/ BRIAN C.  FARRELL, ESQUIRE  I.D. 319145 |

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: 2929 WALNUT ST., SUITE 1540, PHILADELPHIA, PA 19104

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?                                                          Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?          Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?          Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.          Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ■ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☒ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____
_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ■ **does not** have implications beyond the parties before the court and ☐ **does** / ■ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

ASHLEY REYES                                              :                    CIVIL ACTION NO:
                                                         :
                    v.                                   :
                                                         :
FE304, LLC d/b/a  WATCH                                   :
TOWERS PROPERTY                                           :
a/k/a WATCHTOWER
PROPERTY CO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)   In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                             ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (☑)


MAY 7, 2026                    /s/ Brian C. Farrell, Esquire        PLAINTIFF
**Date**                          **Attorney-at-law**                  **Attorney for**

 (215) 569-1999                 (215) 569-3870                    bfarrell@discrimlaw.net

**Telephone**                     **FAX Number**                    **E-Mail Address**


**(Civ. 660) 10/02**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| ASHLEY REYES | : | |
| | : | C.A. NO.: |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |
| FE304, LLC d/b/a | : | |
| WATCH TOWERS PROPERTY | : | |
| a/k/a WATCHTOWER PROPERTY CO. | : | |
| | : | |
| Defendant. | : | |

## CIVIL ACTION COMPLAINT

### I.   INTRODUCTION

1.     Plaintiff Ashley Reyes ("Plaintiff") brings this action against Defendant Fe304, LLC, doing business as Watch Towers Property and Watchtower Property Co. ("Defendant"), for discrimination based on race, national origin, sex, and pregnancy, for failure to accommodate her pregnancy-related medical needs, and for retaliation. Plaintiff brings claims under Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act, 42 U.S.C. §2000e *et seq.*; the Pregnant Workers Fairness Act, 42 U.S.C. §2000gg *et seq.*; the Civil Rights Act of 1866, 42 U.S.C. §1981; and the Pennsylvania Human Relations Act, 43 P.S. §951 et seq.

### II.   JURISDICTION AND VENUE

2.     This Court has subject-matter jurisdiction over Plaintiff's federal claims under 28 U.S.C. §1331.

3.     This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367.

1

4.    Venue is proper in this judicial district under 28 U.S.C. § 1391(b). The acts giving rise to Plaintiff's claims occurred at Defendant's place of business in Philadelphia, Pennsylvania.

5.    Plaintiff has satisfied all administrative prerequisites to suit.

6.    On July 12, 2024, Plaintiff dual-filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC").

7.    On October 29, 2024, Plaintiff filed an Amended Charge of Discrimination.

8.    On February 6, 2026, the EEOC issued a Notice of Right to Sue. This action is filed within ninety (90) days of receipt.

## III.    PARTIES

9.    Plaintiff Ashley Reyes is a Puerto Rican woman. Plaintiff is a citizen of Pennsylvania and resides at 3300 Henry Avenue, Apartment 308, Philadelphia, Pennsylvania 19129.

10.    Defendant FE304, LLC is a limited liability company that operates under the trade names "Watch Towers Property" and "Watchtower Property Co." Defendant maintains its principal place of business at 2929 Walnut Street, Suite 1540, Philadelphia, Pennsylvania 19104. Defendant is a property management company.

11.    Defendant employed Plaintiff at all times relevant to this Complaint and is an "employer" within the meaning of Title VII, the PWFA, 42 U.S.C. §1981, and the PHRA.

## IV.    FACTUAL ALLEGATIONS

12.    Plaintiff began her employment with Defendant on June 26, 2023.

13.    Plaintiff held the position of Property Manager.

14.    Plaintiff's annual salary was approximately $75,000.

15. From the start of her employment through her pregnancy disclosure, Plaintiff performed her duties to Defendant's satisfaction.

16. Defendant did not issue any written or oral performance criticism, discipline, or warning to Plaintiff at any time before her pregnancy disclosure.

17. On September 5, 2023, Plaintiff disclosed her pregnancy to Stephanie Chaffee, Defendant's Human Resources Representative.

18. At the same meeting, Plaintiff requested to use her accrued paid time off as maternity leave beginning in March 2024. Chaffee approved the request.

19. On October 30, 2023, Plaintiff disclosed her pregnancy to Walker Gilmore, her direct supervisor.

20. After Plaintiff disclosed her pregnancy to Gilmore, Gilmore stopped scheduling the weekly one-on-one meetings he previously held with Plaintiff.

21. On November 4, 2023, Defendant terminated an employee identified as Sahir, who worked as a cleaner, for poor performance.

22. After his termination, Sahir sent Plaintiff a text message that stated, verbatim: "Fuck you for firing me you racist white bitch."

23. Sahir's text message was threatening. The message made Plaintiff fear for her safety at work.

24. On the same day, Plaintiff reported Sahir's text message to Gilmore and to Peter Blatt, Defendant's Engineer. Plaintiff asked Gilmore and Blatt to take steps to ensure her safety at work.

25. Blatt responded by mocking Plaintiff and making sexual comments about her pregnancy. Blatt suggested that Sahir was angry with Plaintiff because Sahir was the father of

3

Plaintiff's unborn child. Blatt asked Plaintiff whether she was "sure" who the father of her child was.

26. Blatt's comments were unwelcome. Plaintiff did not invite the comments. Plaintiff was humiliated by them.

27. Following Blatt's comments, Plaintiff reported Blatt's sexual remarks to Stephanie Chaffee, Defendant's Human Resources Representative.

28. In the same complaint to Chaffee, Plaintiff reported that Gilmore had been avoiding her since her pregnancy disclosure. Plaintiff reported that Gilmore had stopped holding weekly one-on-one meetings, that Gilmore was entering the property through the basement door rather than passing Plaintiff's office, and that Gilmore was working from the basement rather than working with Plaintiff.

29. Chaffee did not investigate Plaintiff's complaint. Chaffee did not interview Blatt. Chaffee did not interview Gilmore. Chaffee instead disclosed Plaintiff's complaint to Gilmore. After Chaffee disclosed the complaint, Gilmore ceased all communication with Plaintiff.

30. In November 2023, Gilmore stated to Plaintiff that she "[does] not speak right because [she is] Puerto Rican."

31. On November 16, 2023, twelve (12) days after Plaintiff complained about the sexual harassment by Blatt and the threats from Sahir, and seventeen (17) days after Plaintiff disclosed her pregnancy to Gilmore, Gilmore issued Plaintiff a written notice of performance deficiencies.

32. The notice was the first performance criticism Plaintiff had received during her employment with Defendant.

33.     The notice cited complaints purportedly made by tenants and vendors. Plaintiff contacted the tenants and vendors identified in the notice. Each one told Plaintiff that they had not complained about her work.

34.     By the time Gilmore issued the notice, Gilmore had stopped holding the weekly meetings at which he previously gave Plaintiff feedback on her performance.

35.     That same day, Gilmore emailed staff regarding a before-hours appointment for utility work at one of the properties Plaintiff managed. Gilmore did not include Plaintiff in the email distribution.

36.     After the appointment, Gilmore criticized Plaintiff for being "unresponsive" and for failing to attend or to respond to the email.

37.     Plaintiff contacted the recipients of the email. They confirmed that Plaintiff had not been included on the distribution list.

38.     Plaintiff brought the omission to Gilmore's attention. Gilmore did not retract the criticism.

39.     On November 20, 2023, Plaintiff experienced a sudden onset of severe pelvic pain related to her pregnancy. The pain required immediate emergency medical attention. Plaintiff underwent a diagnostic ultrasound.

40.     Plaintiff promptly notified Gilmore that she needed emergency prenatal medical care and would be absent for part of the workday.

41.     Plaintiff also informed Gilmore that she had worked extra hours the prior Saturday, and that she was willing to work additional hours after her ultrasound to make up the time missed.

5

42.    Plaintiff's pelvic pain was a known limitation related to pregnancy, childbirth, or a related medical condition under the Pregnant Workers Fairness Act, 42 U.S.C. § 2000gg(4). Plaintiff's communication to Gilmore was a request for a reasonable accommodation in the form of time off and schedule flexibility.

43.    Gilmore did not engage in any interactive process. Gilmore did not offer any accommodation. Gilmore instead chastised Plaintiff for failing to log the emergency absence as paid time off in advance.

44.    Not once during Plaintiff's pregnancy did Defendant engage in any interactive process with Plaintiff to identify or to provide reasonable accommodations for her known pregnancy-related limitations.

45.    On February 1, 2024, Plaintiff sent a written complaint of pregnancy discrimination and retaliation to Andrew Eisenstein, Defendant's Owner, by email.

46.    Eisenstein did not respond to Plaintiff's email. Eisenstein did not investigate. Eisenstein did not take any corrective action.

47.    Three (3) days after Plaintiff's written complaint to Eisenstein, on February 4, 2024, Defendant hired Joelle Hunnick to replace Plaintiff. Hunnick is not pregnant.

48.    On the same day Defendant hired Hunnick, Eisenstein visited the Watch Towers Property office. Upon seeing Plaintiff, Eisenstein said to her: "Oh wow, you're still here?"

49.    The stress of Defendant's ongoing discrimination and retaliation caused Plaintiff to go into premature labor on February 18, 2024. Plaintiff gave birth approximately four (4) weeks before her due date.

50.    On February 19, 2024, Plaintiff began her pre-approved two-week maternity leave. Plaintiff used her accrued paid time off.

6

51.     On March 5, 2024, Plaintiff returned to work.

52.     Upon Plaintiff's return, Defendant had transferred all of Plaintiff's job responsibilities to Hunnick.

53.     Gilmore instructed the tenants of the properties Plaintiff managed to communicate exclusively with Hunnick.

54.     Gilmore did not assign Plaintiff any meaningful work. Plaintiff was effectively stripped of her position.

55.     On April 17, 2024, six (6) weeks after Plaintiff returned from maternity leave, Plaintiff resigned from her employment.

56.     Plaintiff's resignation was not voluntary. Defendant had replaced her with Hunnick. Defendant had stripped her of her duties. Defendant had directed her tenants to communicate exclusively with Hunnick. Defendant had ignored her complaint of discrimination. The conditions of Plaintiff's employment were objectively intolerable. A reasonable person in Plaintiff's position would have felt compelled to resign.

57.     Plaintiff's resignation was a constructive termination caused by Defendant's discrimination and retaliation.

58.     The acts described above, beginning with Plaintiff's pregnancy disclosure on September 5, 2023 and continuing through her constructive termination on April 17, 2024, constitute a single continuing violation. The acts share common decisionmakers, common discriminatory and retaliatory animus, and a common purpose of forcing Plaintiff out of her employment.

7

59.     As a direct and proximate result of Defendant's conduct, Plaintiff has sustained loss of past and future earnings, loss of benefits, loss of earning capacity, severe emotional distress, anxiety, humiliation, damage to her professional reputation, and other damages.

## COUNT I
### Title VII
### Plaintiff v. Defendant

60.     Plaintiff incorporates the paragraphs by reference as if fully set forth herein.

61.     Defendant violated Title VII, by subjecting Plaintiff to discrimination on the basis of her sex, pregnancy, race, and national origin, by subjecting her to a hostile work environment, by constructively discharging her, and by retaliating against her for engaging in protected activity.

62.     Defendant's conduct was intentional, willful, and in reckless disregard of Plaintiff's federally protected rights. Plaintiff is entitled to all remedies available under Title VII, including back pay, front pay, compensatory damages, punitive damages, prejudgment interest, attorneys' fees, and costs.

## COUNT II
### Pregnant Workers Fairness Act
### Plaintiff v. Defendant

63.     Plaintiff incorporates the paragraphs by reference as if fully set forth herein.

64.     Defendant violated the Pregnant Workers Fairness Act, by failing to provide reasonable accommodations for Plaintiff's known limitations related to pregnancy, by failing to engage in the interactive process, and by retaliating against Plaintiff for requesting accommodations.

65.    Defendant's conduct was intentional, willful, and in reckless disregard of Plaintiff's federally protected rights. Plaintiff is entitled to all remedies available under the PWFA, including back pay, front pay, compensatory damages, punitive damages, prejudgment interest, attorneys' fees, and costs.

### COUNT III
### 42 U.S.C. § 1981
### Plaintiff v. Defendant

66.    Plaintiff incorporates the paragraphs by reference as if fully set forth herein.

67.    Defendant violated 42 U.S.C. §1981 by intentionally discriminating against Plaintiff on the basis of her race, including her Puerto Rican ancestry, and by retaliating against her for opposing race-based discrimination, thereby interfering with her right to make and enforce contracts on equal terms.

68.    Defendant's conduct was intentional, willful, and in reckless disregard of Plaintiff's federally protected rights. Plaintiff is entitled to all remedies available under Section 1981, including back pay, front pay, compensatory damages, punitive damages, prejudgment interest, attorneys' fees, and costs.

### COUNT IV
### PHRA
### Plaintiff v. Defendant

69.    Plaintiff incorporates the paragraphs by reference as if fully set forth herein.

70.    Defendant violated the Pennsylvania Human Relations Act, 43 P.S. § 951 et seq., by discriminating against Plaintiff on the basis of her sex, pregnancy, race, and national origin, by subjecting her to a hostile work environment, by constructively discharging her, and by

9

retaliating against her for engaging in protected activity. The acts described above constitute a continuing violation under the PHRA.

71.    Plaintiff is entitled to all remedies available under the PHRA, including back pay, front pay, compensatory damages for emotional distress, prejudgment interest, attorneys' fees, and costs.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Ashley Reyes respectfully requests that this Court enter judgment in her favor and against Defendant and grant the following relief:

a.    Declare the acts and practices complained of herein to violate Title VII, the PWFA, 42 U.S.C. §1981, and the PHRA;

b.    Enjoin and permanently restrain the violations alleged herein;

c.    Award Plaintiff back pay, including lost wages, lost benefits, and prejudgment interest;

d.    Award Plaintiff front pay in lieu of reinstatement, where reinstatement is not feasible;

e.    Award Plaintiff compensatory damages for past and future pain and suffering, emotional distress, mental anguish, humiliation, reputational injury, and loss of life's pleasures;

f.    Award Plaintiff punitive damages under Title VII, the PWFA, and 42 U.S.C. §1981;

g.    Award Plaintiff her reasonable attorneys' fees, expert fees, costs, and other expenses of litigation;

10

h.        Award Plaintiff such other relief as this Court deems just and proper.

## **JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

**THE GOLD LAW FIRM, P.C.**

Brian C. Farrell, Esquire
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999
bfarrell@discrimlaw.net
*Attorneys for Plaintiff Ashley Reyes*

Date:   May 7, 2026

11